**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSICA PAULINA ALLAUCA-TIERRA,<br>Petitioner,<br>v.<br>WARDEN, ELIZABETH CONTRACT DETENTION FACILITY, et al.,<br>Respondents. | Civ. No. 26-12159 (KSH)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on Petitioner Jessica Paulina Allauca-Tierra's petition for a writ of habeas corpus (ECF No. 1, "Petition") pursuant to 28 U.S.C. § 2241, challenging her immigration detention as unlawful. Allauca-Tierra entered the United States without inspection on July 29, 2021, and was processed for expedited removal. She was granted parole on August 16, 2021, valid for one year, and has continued to live in the country since her initial entry. Respondents assert that she is subject to an administratively final expedited removal order and mandatory detention under 8 U.S.C. § 1231. At issue is whether her continued detention without a bond hearing is lawful. For the reasons explained below, the Petition is DENIED WITHOUT PREJUDICE.

## I. RELEVANT BACKGROUND & PROCEDURAL HISTORY

Allauca-Tierra is a native and citizen of Ecuador who entered the United States without inspection on or around July 29, 2021. (ECF No. 7 at 1.) The facts alleged in the Petition differ slightly from those alleged by Respondents. Allauca-Tierra states that she was granted parole into the United States on or about August 16, 2021. (ECF No. 1 at 2.) She claims she does not have a removal order and has never appeared before an immigration judge. (*Id.*) Respondents however,

state that Allauca-Tierra was apprehended by immigration officials on the same day as her entry and processed for expedited removal. (ECF Nos. 7 at 1, 7-2.) It does not appear from the facts alleged in the Petition that Allauca-Tierra expressed a fear of returning to Ecuador, and Respondents do not state that Allauca-Tierra was given a credible fear interview or that one was requested. (ECF Nos. 1, 7.) Respondents assert that Allauca-Tierra's expedited removal order became final on August 5, 2021. (ECF Nos. 7 at 1, 7-2.)

Allauca-Tierra was detained at an Immigration and Customs Enforcement ("ICE") check-in on September 14, 2026. (ECF No. 7-1.) She filed this Petition on the same day, alleging that she is being unlawfully detained. (ECF No. 1.) Respondents filed a response (ECF No. 7), and Allauca-Tierra elected not to file a reply.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941). In adjudicating the merits of a petition, any "allegations of a return to the writ of habeas corpus . . . if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.

## III. <u>DISCUSSION</u>

The Court first addresses the statutory authority for Allauca-Tierra's detention. Respondents assert that she is detained under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) or, alternatively, 8 U.S.C. § 1231. Respondents filed evidence of Allauca-Tierra's signed expedited removal order. (ECF No. 7-2.) Allauca-Tierra did not traverse Respondents' factual allegations that she was processed for expedited removal and did not dispute the existence or validity of the expedited removal order. Therefore, the Court accepts Respondents' assertion that Allauca-Tierra is subject to an administratively final expedited removal order that was issued on August 5, 2021. (ECF No. 7-2.) Accordingly, her detention is governed by 8 U.S.C. § 1231.

Under 8 U.S.C. § 1231, detention is mandatory for the 90-day removal period and detention authority may extend beyond that period as necessary to effectuate removal. 8 U.S.C. § 1231(a)(6); *see also Zadvydas v. Davis*, 533 U.S. at 701 (finding a presumptively reasonable period of detention of six months where there is no significant likelihood of removal in the reasonably foreseeable future). The removal period begins on the date the removal order becomes administratively final. § 1231(a)(1)(B)(i).

When a noncitizen is not detained until years after the final removal order is entered, the six-month presumptively reasonable period is counted from the initial date of detention, not from the date of the issuance of the removal order. *See Deshati v. Noem*, No. 25-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) (citing *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y 2017); *see also Garcia Sapon v. Genalo*, No. 26-08323, 2026 WL 2920307, at *3 (D.N.J. Sept. 29, 2026).

This Court has, however, also held that a petitioner may bring a due process claim before the expiration of the six-month presumptively reasonable period when the petitioner can show

their removal is not significantly likely in the foreseeable future. *See Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) ("Although the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." (citing *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020))).

Allauca-Tierra has been detained since September 14, 2026—approximately two months. (ECF No. 7-1.) She is, therefore, still within the presumptively reasonable period under *Zadvydas*. *See Deshati*, 2025 WL 3204227, at *2. Allauca-Tierra has also neither alleged nor offered any evidence to this Court that her removal is not significantly likely in the foreseeable future. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."). Accordingly, Allauca-Tierra's continued detention under 8 U.S.C. § 1231 does not violate due process.

## IV. CONCLUSION

For these reasons, the Petition is DENIED WITHOUT PREJUDICE. An appropriate Order follows.